## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WILLIAM SHULAR,<br><br>               Plaintiff,<br><br>vs.<br><br>LG CHEM, LTD and LG CHEM<br>AMERICA, INC.<br><br>               Defendants. | Civil Action File<br>No. 1:20-cv-01293-CAP<br><br>**Jury Trial Demanded** |

## DEFENDANT LG CHEM AMERICA, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant LG Chem America, Inc. ("LGCAI"), by and through counsel, and subject to and without waiving any defenses, demands a trial by jury, and responds to Plaintiff's Complaint ("Complaint") in the above-styled civil action as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

At all times subject hereto, LGCAI, its agents, representatives, and employees exercised reasonable care and were not negligent and, therefore, LGCAI is not liable to Plaintiff in any amount whatsoever.

## THIRD DEFENSE

The 18650 battery cell allegedly designed and manufactured by Defendant LG Chem, Ltd., and allegedly sold, marketed, and/or distributed by LGCAI, that is the subject of this lawsuit is not defectively designed or manufactured, and does not have defective warnings, and, therefore, LGCAI is not liable to Plaintiff in any amount whatsoever.

## FOURTH DEFENSE

As to any injuries or damages Plaintiff alleges to have incurred, Plaintiff failed to exercise ordinary care for his own safety, and such failure proximately caused any injuries or damages alleged in Plaintiff's Complaint and, therefore, Plaintiff is not entitled to recover from LGCAI.

## FIFTH DEFENSE

Plaintiff's recovery is barred, in whole or in part, or subject to reduction, under the doctrines of contributory and/or comparative negligence committed by Plaintiff.

## SIXTH DEFENSE

Even if LGCAI was negligent, which it specifically denies, Plaintiff was negligent to an equal or greater degree; therefore, LGCAI is not liable to Plaintiff in any amount whatsoever.

## SEVENTH DEFENSE

Although LGCAI specifically denies that it was negligent, in the event it is determined that Plaintiff is entitled to recover against LGCAI, recovery should be reduced in proportion to the degree or percentage of negligence, fault or exposure to products attributable to Plaintiff, any other Defendant, third-party Defendant, or other persons, including any party immune because bankruptcy renders them immune from further litigation, as well as any party, co-defendant, or non-parties with whom Plaintiff has settled or may settle in the future.

## EIGHTH DEFENSE

Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in Plaintiff's Complaint and, therefore, Plaintiff is not entitled to recover from LGCAI.

## NINTH DEFENSE

Plaintiff's alleged damages did not result, directly or indirectly, from any act or omission of LGCAI, but such damages, if any, were proximately caused by the acts or omissions of persons other than LGCAI, for which LGCAI is in no way liable, and Plaintiff, therefore, is not entitled to recover from LGCAI.

## TENTH DEFENSE

There may be a lack of joinder of one or more parties who should or must be joined, and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

## ELEVENTH DEFENSE

Upon information and belief, any damages sustained by Plaintiff were the proximate cause of alteration or modification of the subject product by Plaintiff or a person other than this Defendant, which alteration or modification occurred while not in the control of this Defendant, was not made with the express consent of this Defendant, and was not in accordance with any instructions or specifications of this Defendant.

## TWELFTH DEFENSE

The subject incident and/or damages were proximately caused by Plaintiff's unforeseeable misuse or abnormal use of the subject product, without the authority of this Defendant.

## THIRTEENTH DEFENSE

If Plaintiff has been damaged—which LGCAI denies—Plaintiff's alleged damages were caused by unforeseeable, independent, intervening, and/or superseding events, including acts of third parties, for which LGCAI is not legally responsible.

## FOURTEENTH DEFENSE

If Plaintiff has been damaged—which LGCAI denies—any recovery by the Plaintiff is barred to the extent Plaintiff failed to mitigate the alleged damages. To the extent the Plaintiff has failed to mitigate the alleged damages, any recovery shall not include alleged damages that could have been avoided by reasonable care and diligence.

## FIFTEENTH DEFENSE

Plaintiff is barred from recovery, in whole or in part, by the sophisticated user defense and/or the learned intermediary doctrine.

## SIXTEENTH DEFENSE

To the extent LGCAI sold or distributed the subject product, which LGCAI denies, the subject product is a component part that was merchantable and reasonably suited to its intended use when it left LGCAI's control.

## SEVENTEENTH DEFENSE

To the extent LGCAI sold or distributed the subject product, which LGCAI denies, the subject product was not unreasonably dangerous, nor is LGCAI in any way negligent, and Plaintiff is barred from recovery because the actions and products referred to in Plaintiffs' Complaint conformed to the state of the art and the applicable standards of care for the design and manufacture of such products.

## EIGHTEENTH DEFENSE

To the extent LGCAI sold or distributed the subject product, which LGCAI denies, the subject product as to LGCAI was designed, manufactured, marketed and provided with proper warnings, information, and instructions pursuant to generally recognized and prevailing standards in existence at the time.

## NINETEENTH DEFENSE

To the extent LGCAI sold or distributed the subject product, which LGCAI denies, the subject product complied with all governmental standards and regulations in the manufacture, sale, registration, and labeling of the product at issue as to LGCAI. LGCAI's labels, warnings and/or instructions, and directions provided with and published about any such product, provided directions, instructions and warnings that complied with all pertinent state and federal laws and industry standards.

## TWENTIETH DEFENSE

To the extent LGCAI sold or distributed the subject product, which LGCAI denies, LGCAI is considered a product seller under the law, not a manufacturer, and thus LGCAI cannot be held liable in a product liability action based in whole or in part on the doctrine of strict liability in tort.

## TWENTY-FIRST DEFENSE

No act or omission of LGCAI showed willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care which would raise the presumption of conscious indifference to consequences, and, therefore, any award of punitive damages is barred.

## TWENTY-SECOND DEFENSE

For Plaintiff's claim for punitive damages, LGCAI specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell,* 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny, as well as other similar cases under both federal and state law.

## TWENTY-THIRD DEFENSE

LGCAI has, or may have, further and additional affirmative defenses, which are not yet known to it, but may which become known through discovery.  LGCAI reserves the right to amend its Answer and assert other defenses as may become

appropriate based on information it acquires through discovery or otherwise in the course of this litigation.

### TWENTY-FOURTH DEFENSE

LGCAI responds to the separate, enumerated Paragraphs of Plaintiff's Complaint as follows:

1.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 1 of Plaintiff's Complaint and, therefore, denies them.

2.

LGCAI admits that it is a foreign corporation incorporated under the laws of the state of Delaware and that it maintains its principal place of business in Atlanta, Georgia with an address of 3475 Piedmont Road NE, Suite 1200, Atlanta, Georgia 30305.  LGCAI further admits that it has sold or distributed certain 18650 battery cells but denies that it placed into the stream of commerce any 18650 battery cells for use as removeable rechargeable batteries in e-cigarettes or vaping devices. LGCAI denies any remaining allegations of Paragraph 2.

3.

The allegations contained in Paragraph 3 of Plaintiff's Complaint are not directed to LGCAI and, as a result, require no response from LGCAI.  As such, LGCAI denies the allegations contained in Paragraph 3.

4.

The allegations contained in Paragraph 4 of Plaintiff's Complaint are not directed to LGCAI and, as a result, require no response from LGCAI.  As such, LGCAI denies the allegations contained in Paragraph 4.

5.

The allegations contained in Paragraph 5 of Plaintiff's Complaint are not directed to LGCAI and, as a result, require no response from LGCAI.  As such, LGCAI denies the allegations contained in Paragraph 5.

6.

The allegations contained in Paragraph 6 of Plaintiff's Complaint are not directed to LGCAI and, as a result, require no response from LGCAI.  As such, LGCAI denies the allegations contained in Paragraph 6.

7.

LGCAI denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed to LGCAI and, as a result, require no response from LGCAI.  As such, LGCAI denies the allegations contained in Paragraph 8.

9.

LGCAI denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

To the extent the allegations contained in Paragraph 10 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 10 are directed at LGCAI, LGCAI denies the allegations.

11.

To the extent the allegations contained in Paragraph 11 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent, the allegations of Paragraph 11 state that LGCAI has a yearly revenue of over $278 million attributable to batteries sold or imported into the United States, and 2.4 billion worldwide, LGCAI denies these allegations.

12.

To the extent the allegations contained in Paragraph 12 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 12 are directed at LGCAI, LGCAI denies the allegations.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed to LGCAI and, as a result, require no response from LGCAI.  As such, LGCAI denies the allegations contained in Paragraph 13.

14.

To the extent the allegations contained in Paragraph 14 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 14 are directed at LGCAI, LGCAI denies that it advertised or marketed 18650 battery cells.  LGCAI admits that it has sold or distributed certain 18650 battery cells but denies that it placed into the stream of commerce any 18650 battery cells for use as removeable rechargeable batteries in e-cigarettes or vaping devices.  LGCAI denies any remaining allegations of Paragraph 14.

15.

LGCAI denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

LGCAI denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

LGCAI denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

To the extent that the allegations contained in Paragraph 18 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and therefore LGCAI denies them. To the extent that the allegations contained in Paragraph 18 are directed at LGCAI, LGCAI admits that the amount in controversy exceeds the minimum amount-in-controversy requirement for federal diversity jurisdiction. LGCAI denies any remaining allegations of Paragraph 18 of Plaintiff's Complaint.

19.

LGCAI admits that it maintains its principal place of business in Atlanta, Georgia with an address of 3475 Piedmont Road NE, Suite 1200, Atlanta, Georgia 30305. LGCAI denies any remaining allegations of Paragraph 19 of Plaintiff's Complaint.

20.

The allegations contained in Paragraph 20 of Plaintiff's Complaint are not directed to LGCAI and, as a result, require no response from LGCAI.  As such, LGCAI denies the allegations contained in Paragraph 20.

21.

LGCAI admits that it maintains its principal place of business in Atlanta, Georgia with an address of 3475 Piedmont Road NE, Suite 1200, Atlanta, Georgia 30305. LGCAI denies any remaining allegations of Paragraph 21 of Plaintiff's Complaint.

22.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 22 of Plaintiff's Complaint and, therefore, denies them.

23.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 23 of Plaintiff's Complaint and, therefore, denies them.

24.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 24 of Plaintiff's Complaint and, therefore, denies them.

25.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 25 of Plaintiff's Complaint and, therefore, denies them.

26.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 26 of Plaintiff's Complaint and, therefore, denies them.

27.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 27 of Plaintiff's Complaint and, therefore, denies them.

28.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 28 of Plaintiff's Complaint and, therefore, denies them.

29.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 29 of Plaintiff's Complaint and, therefore, denies them.

30.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 30 of Plaintiff's Complaint and, therefore, denies them.

31.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 31 of Plaintiff's Complaint and, therefore, denies them.

32.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 32 of Plaintiff's Complaint and, therefore, denies them.

33.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 33 of Plaintiff's Complaint and, therefore, denies them.

34.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 34 of Plaintiff's Complaint and, therefore, denies them.

35.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 35 of Plaintiff's Complaint and, therefore, denies them.

36.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 36 of Plaintiff's Complaint and, therefore, denies them.

37.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 37 of Plaintiff's Complaint and, therefore, denies them.

38.

LGCAI is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 38 of Plaintiff's Complaint and, therefore, denies them.

39.

LGCAI hereby incorporates by reference its responses to Paragraphs 1–38 of Plaintiff's Complaint as fully set forth herein.

40.

To the extent the allegations contained in Paragraph 40 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same. To the extent that the allegations contained in Paragraph 40 are directed at LGCAI, LGCAI denies that it imported or marketed 18650 battery cells. LGCAI admits that it has sold or distributed certain 18650 battery cells but denies that it placed into the stream of commerce any 18650 battery cells for use as removeable rechargeable batteries in e-cigarettes or vaping devices. LGCAI denies any remaining allegations of Paragraph 40.

41.

The allegations contained in Paragraph 41 of Plaintiff's Complaint are not directed to LGCAI and, as a result, require no response from LGCAI. As such, LGCAI denies the allegations contained in Paragraph 41.

42.

To the extent the allegations contained in Paragraph 42 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same. To the extent that the allegations contained in Paragraph 42 are directed at LGCAI, LGCAI denies them.

43.

The allegations contained in Paragraph 43 of Plaintiff's Complaint are not directed to LGCAI and, as a result, require no response from LGCAI.  As such, LGCAI denies the allegations contained in Paragraph 43.

44.

The allegations contained in Paragraph 44 of Plaintiff's Complaint are not directed to LGCAI and, as a result, require no response from LGCAI.  As such, LGCAI denies the allegations contained in Paragraph 44.

45.

To the extent the allegations contained in Paragraph 45 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 45 are directed at LGCAI, LGCAI denies them.

46.

LGCAI denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

To the extent the allegations contained in Paragraph 47 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and

LGCAI denies the same.  To the extent that the allegations contained in Paragraph 47 are directed at LGCAI, LGCAI denies them.

48.

To the extent the allegations contained in Paragraph 48 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 48 are directed at LGCAI, LGCAI denies them.

49.

To the extent the allegations contained in Paragraph 49 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 49 are directed at LGCAI, LGCAI denies them.

50.

To the extent the allegations contained in Paragraph 50 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 50 are directed at LGCAI, LGCAI denies them.

51.

To the extent the allegations contained in Paragraph 51 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 51 are directed at LGCAI, LGCAI denies them.

52.

To the extent the allegations contained in Paragraph 52 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 52 are directed at LGCAI, LGCAI denies them.

53.

LGCAI denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

LGCAI denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

LGCAI hereby incorporates by reference its responses to Paragraphs 1–54 of Plaintiff's Complaint as fully set forth herein.

56.

To the extent the allegations contained in Paragraph 56 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 56 are directed at LGCAI, LGCAI denies them.

57.

To the extent the allegations contained in Paragraph 57 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 57 are directed at LGCAI, LGCAI denies them, including all sub-paragraphs.

58.

To the extent the allegations contained in Paragraph 58 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 58 are directed at LGCAI, LGCAI denies them.

59.

LGCAI hereby incorporates by reference its responses to Paragraphs 1–58 of Plaintiff's Complaint as fully set forth herein.

60.

To the extent the allegations contained in Paragraph 60 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 60 are directed at LGCAI, LGCAI denies them.

61.

To the extent the allegations contained in Paragraph 61 of Plaintiff's Complaint are directed at a party other than LGCAI, no response is required, and LGCAI denies the same.  To the extent that the allegations contained in Paragraph 61 are directed at LGCAI, LGCAI denies them.

62.

LGCAI hereby incorporates by reference its responses to Paragraphs 1–61 of Plaintiff's Complaint as fully set forth herein.

63.

LGCAI denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

LGCAI denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

LGCAI denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

The allegations set forth in the WHEREFORE Paragraph of Plaintiff's Complaint following Paragraph 65 constitute a plea for judgment, relief, and damages and, as such, cannot be properly admitted or denied.  To the extent Plaintiff alleges that he is entitled to judgment, relief and/or damages from LGCAI, LGCAI denies that any facts or circumstances exist that entitles Plaintiff to the relief sought. LGCAI further states that no facts or circumstances exist that would entitle Plaintiff to recover from LGCAI damages of any kind, in any amount, under any theory whatsoever.

Any allegations in Plaintiff's Complaint not specifically responded to are hereby specifically denied.

LGCAI also requests that all issues raised in Plaintiff's Complaint be tried before a jury

WHEREFORE, having fully responded to Plaintiff's Complaint, LGCAI prays that judgment be entered in its favor on all claims raised in Plaintiff's Complaint with costs to be borne by Plaintiff.

Dated this 21st day of April 2020.

Respectfully submitted,

 /s/ Richard B. North, Jr.

Richard B. North, Jr.
Georgia Bar No. 545599
Steven H. Campbell
Georgia Bar No. 161457
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW | Suite 1700
Atlanta, GA 30363
(404) 322-6000
(404) 322-6050 (fax)
richard.north@nelsonmullins.com
steven.campbell@nelsonmullins.com

**Attorneys for Defendant LG Chem America, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day electronically filed the within and foregoing **Defendant LG Chem America, Inc.'s Answer to Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to these attorneys of record:

This 21st day of April 2020.

*/s/ Richard B. North, Jr.*